UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

IN RE: Christopher David Wiest    :    2:16-MC-00060

## **OBJECTIONS AND CHALLENGE TO RECIPROCAL DISCIPLINE**

Please allow this to serve as objections and a challenge to the reciprocal discipline under the Model Federal Rules of Disciplinary Enforcement, Rule II, as provided in the Court's Show Cause Order.  The specific grounds for the challenge are found in Rule II(D)(1), governing notice and due process; (2), infirmity of proof, and (3) and (4), grave injustice/the misconduct warrants a substantially different discipline.

    A.  <u>The charging documents; notice and due process</u>

As the Ohio Supreme Court noted:

In December 2014, relator, Cincinnati Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline (now known as the Board of Professional Conduct), alleging that Wiest violated his oath of office and the Rules of Professional Conduct by using confidential information he obtained during the course and scope of representing Stanley in his personal purchase of 35,000 shares of InfoLogix, Inc., a company that Stanley sought to acquire. The panel of the board appointed to hear the matter granted relator leave to amend its complaint to allege additional facts and ethics violations—all of which arose from Wiest's trading in InfoLogix stock. At the hearing, however, relator's focus shifted from Wiest's trading in InfoLogix stock to his alleged disclosure of Stanley's confidential documents and information to the United States Securities and Exchange Commission ("SEC") during its investigation of his trading activities.  (Opinion, Exhibit A, ¶2).

These rule violations and allegations about remaining silent after the transaction was completed and all the way into 2012, are not found anywhere in the Complaint or any other charging document.  **Fair notice of the charges asserted against Respondent here was constitutionally required, and here it was not given.**  *In re Ruffalo*, 390 U.S. 544, 550 (1968), citing *In re Oliver*, 333 U.S. 257, 273 (1948).

1

This notice issue is particularly egregious.  Here, the Court took issue with Respondent's remaining silent (at least with respect to the client) in the fact of the SEC subpoena and the non-disclosure to the client of the past trading, <u>after</u> December 16, 2010.  (Opinion, Exhibit A, ¶29).  And, what is more, **this conduct, found to be egregious by the Court was, in fact, based on the advice of counsel.**  (Exhibit C, Second Set of Stipulations concerning the testimony of David Chase).

So that there is no mistaking Respondent's position, and, as found by the Ohio Supreme Court, Respondent had an obligation to have a full, and frank discussion with his client, Stanley, prior to engaging in the stock trading at issue.  That did not occur.  Respondent made assumptions that, particularly with the benefit of perfect hingsight, should not have been made.  And, he readily accepts that failure.

The Ohio Supreme Court took issue with non-disclosure to the client -- and not merely on the stock trading.  In fact, Respondent acknowledges that disclosure and a conversation should have occurred prior to any stock purchases, and that failure is the heart of the matter – but this was not any sort of "dishonesty" – it was instead sheer stupidity and a failure to recognize the situation for what it was.  That stupidity, and an incorrect conclusion about the client moving forward, is why, among other things, there were limit purchases of the stock in November, 2010, and why there was an order to sell the stock – at a significant loss – also in November, 2010.  (Opinion, Exhibit A, ¶9).  It was also why Respondent traded in a monitored law firm sponsored 401(k) account, with no attempt to "hide" any sort of trading activity from his employer.  (Opinion, Exhibit A, ¶9).

Rather, the Court also took issue, and found violations, based in large part on non-disclosure that was the result of counseled advice – finding that Mr. Wiest should have made a

disclosure to the client on or after December 16, 2010 as to the stock trading and in 2012 as to the SEC subpoena. (Opinion, Exhibit A, ¶29). This drawing of an adverse inference based on silence violates the Fifth Amendment. *Miller v. Lafler*, 505 Fed. Appx. 452 (6th Cir. 2012); *Gravley v. Mills*, 87 F.3d 779 (6th Cir. 1996).

Mr. Chase addressed the December 16, 2010, and early January, 2011 advice in his stipulated testimony. (Exhibit C, Second Set of Stipulations concerning the testimony of David Chase). The issue with the SEC subpoena came out of left field without notice of same, and Respondent did not have the opportunity to obtain testimony on that issue. Nevertheless, Mr. Chase gave identical advice not to disclose or talk to anyone about the subpoena or Mr. Wiest's testimony in 2012, when that issue arose. Had Mr. Wiest been given notice of these issues, the testimony to address them, by Mr. Chase, could and would have been obtained.

The Ohio Supreme Court also upheld as an aggravating factor this same non-disclosure issue in terms of the SEC subpoena response in imposing the sanction. (Opinion, Exhibit A, ¶¶ 37, 40, 43, 46). It stated: "[t]hat dishonest conduct began even before he bought his first shares of InfoLogix stock on October 28, 2010, and was still ongoing when he testified before the SEC on July 9, 2012, about legal matters that the client had entrusted to him. (Opinion, Exhibit A, ¶ 46).

This, too, was never specified within the Complaints and, consequently, violates principles of notice and due process. *In re Ruffalo*, 390 U.S. 544, 550; *In re Oliver*, 333 U.S. 257, 273.

These notice and due process issues were significant; they deprived Respondent of the ability to adequately defend himself, and warrant either not imposing reciprocal discipline, or, in the alternative, a significantly lesser sanction.

B.  <u>Infirmity of Proof</u>

Mr. Wiest's testimony was that he did not believe that the client was moving forward with the transaction, and a substantial basis for that belief.  (Opinion, Exhibit A, ¶ 21).

But the infirmity of proof issue lies largely on the unrebutted, and indeed, stipulated testimony of Mr. Chase.  (Exhibit C, Second Set of Stipulations concerning the testimony of David Chase).

That testimony outlined the panic of Mr. Wiest on December 16, 2016, when Mr. Chaase was retained.  *Id.*  It also outlined that Mr. Wiest obtained legal counsel on December 16, 2010, and thereafter, and followed that advice.  *Id.*  The Ohio Supreme Court ignored that stipulated, unrebutted testimony, and found fraud, deceit, and misrepresentation from, essentially, Mr. Wiest's silence and reliance on that advice of counsel.  *United States v. Lindo*, 18 F.3d 353 (6th Cir. 1994) (outlining good faith of advice of counsel).

C.  <u>Grave Injustice -- Misconduct Warrants a Substantially Different Sanction</u>

The "grave injustice" showing required to vacate or modify a reciprocal order of discipline does not focus on the effect of the reciprocal order but on the original order and whether the severity of the punishment imposed by the first court "fits" the misconduct. *See e.g.*, *In re Kramer*, 282 F.3d 721, 727 (9th Cir. 2002) (on challenge to imposition of reciprocal discipline, "we inquire only whether the punishment imposed by [the first] court was so ill-fitted to an attorney's adjudicated misconduct that reciprocal disbarment would result in grave injustice").

There was no disadvantage, or harm to the client in this matter.  (Opinion, Exhibit A, ¶¶ 18, 46).  As mitigating factors, the parties stipulated and the board found that Wiest has no prior disciplinary record, had cooperated in the disciplinary proceedings, had demonstrated his good

4

character and reputation in the legal community apart from the misconduct at issue in this case, and had had other penalties imposed for his conduct in that he has made payments to the SEC of $61,414.97 in restitution for illicit profits plus interest and an additional $56,292 in penalties. (Opinion, Exhibit A, ¶36). *See, also*, Exhibit D, Character Letters submitted in Ohio action.

As aggravating factors, the Board found that Respondent displayed "a dishonest and selfish motive" and "also revealed confidential client information to the SEC without notifying the client, attempting to obtain a confidentiality waiver from the client, or contesting the subpoena." (Opinion, Exhibit A, ¶¶ 36, 40). Respondent objected to those findings, including on due process grounds as to the response to the SEC subpoena, but the Ohio Supreme Court never addressed the due process objection, and, in fact, apparently credited it in imposing the sanction. (Opinion, Exhibit A, ¶¶ 37, 40, 43, 46).

As it turns out, Stanley was well aware of the SEC's investigation and had waived the attorney-client privilege as to the scope of Mr. Wiest's representation and the SEC investigation; Mr. Chase confirmed this fact with SEC investigating attorneys prior to making any disclosures to the SEC or responding to the SEC's subpoena.

The Court found that:

We find, however, that the cases cited by the parties do not accurately reflect the character of Wiest's misconduct—which consists primarily of failing to engage in frank discussions with his client to determine whether his trading in InfoLogix stock would negatively impact the client's interests. Thus, we conclude that his misconduct is more akin to cases in which attorneys have failed to reasonably communicate with their clients, *see* Prof.Cond.R. 1.4, or who have failed to obtain their clients' informed consent when there is a substantial risk that the lawyer's ability to represent the client will be materially limited by the lawyer's own personal interests, *see* Prof.Cond.R. 1.7(a)(2). (Opinion, Exhibit A, ¶¶ 43).

It then imposed a two-year suspension, with one year stayed (in effect a one year suspension followed by a one year period of probation). (Opinion, Exhibit A).

The sanction, driven by facts that Respondent was not put on notice of responding to, is not in accord with precedent.  It should be appropriately reduced.

D.  Retroactivity

Respondent respectfully requests that any discipline imposed run retroactive to the Ohio Suspension, entered as of December 19, 2016.

E.  Conclusion

Respondent requests that the objections and challenges raised be upheld.

Respectfully submitted,

/s/Christopher D. Wiest
Christopher Wiest (0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing by filing it with the Court's CM/ECF system, this 5th day of January, 2017.

/s/Christopher D. Wiest
Christopher Wiest (0077931)