## BEFORE THE BOARD OF PROFESSIONAL COUNDUCT OF
## THE SUPREME COURT OF OHIO

In re:

Complaint against

Christopher D. Wiest, Esq.
25 Town Center Blvd., Suite 104
Crestview Hills, KY 41017

No. 2014-95

Attorney Registration No. (0077931)

THIRD AMENDED COMPLAINT
AND CERTIFICATE

Respondent,

CINCINNATI BAR ASSOCIATION
225 East Sixth St., 2nd Floor
Cincinnati, OH 45202

(Rule V of the Supreme Court Rules for
the Government of the Bar of Ohio.)

Relator.

Now comes Relator and alleges that Christopher D. Wiest, an Attorney at Law duly admitted to the practice of law in the State of Ohio on November 08, 2004, is guilty of the following misconduct:

1. Thompson Hine LLP, Respondent's former employer, had a long-standing retainer agreement with Stanley Black & Decker ("Stanley") to provide certain legal services. Pursuant to this agreement, Respondent, on numerous prior occasions, had provided legal services in connection with Stanley's potential acquisition of other companies.

2. On October 21, 2010, Stanley, through one of its agents, requested that Respondent provide legal services relating to the proposed acquisition of a company known as InfoLogix, Inc ("InfoLogix").

1



3. In connection with the proposed acquisition of InfoLogix, Stanley, through the same agent, provided Respondent material, non-public information. The information was marked "Confidential" and included a written presentation prepared by Stanley which identified the key terms of the proposed transaction including the proposed purchase of InfoLogix common stock at a price of $4.75 per share.

4. Respondent owed Stanley and his employer a duty to keep the information confidential and use it only in connection with the provision of legal services to Stanley.

5. However, between October 28, 2010 and November 16, 2010, Respondent purchased 35,000 shares of InfoLogix common stock in his brokerage account for his 401(k) at prices ranging from $2.84 to $1.95 a share, on the basis of material, non-public information that he received from Stanley.

6. On November 18, 2010, Respondent placed a day limit order to sell 25,000 shares of InfoLogix common stock. Due to market conditions, the order was only partially executed and resulted in Respondent selling only 13,510 shares of such stock. Respondent retained the remaining 21,490 shares of InfoLogix common stock.

7. On December 15, 2010, after the market closed, Stanley publicly announced that it was acquiring InfoLogix at $4.75 a share.

8. On December 16, 2010, InfoLogix common stock opened at $4.61 per share and ultimately closed at $4.64 per share. On this day, Respondent sold his remaining 21,490 shares of InfoLogix common stock, earning profits of $56,292.00.

9. On May 13, 2014, the Securities and Exchange Commission accepted Respondent's offer of settlement to resolve a charge of insider trading.

10. Both Stanley and Thompson Hine took precautions to protect the confidentiality of Stanley's proposed acquisition of InfoLogix. The confidential information which Stanley and its agents provided constituted property to which Stanley had the right of exclusive use. Respondent's personal use of that information, without disclosure or permission, to buy and sell shares in InfoLogix constituted dishonest and deceptive conduct.

11. Respondent's undisclosed use of confidential information of a client for his own advantage breached the duties of loyalty and confidentiality which he owed to his client and his employer at common law, and violated the Ohio Rules of Professional Conduct. *See In re Disciplinary Proceedings Against Marick,* 204 Wis.2d 280, 554 N.W.2d 204 (1996); Patterson v. Pollock, 84 Ohio App. 489, 84 N.E. 2nd 606 (1st Dist. 1948), paragraph 4 of the syllabus.

12. By reason of the foregoing, Respondent has violated his oath of office and the Rules of Professional Conduct, specifically:

    - Rule 1.6(a), by using confidential information of his client's proposed purchase of InfoLogix for his own advantage without his client's consent and without any disclosure to the client;

    - Rule 1.8(b), by using information relating to the representation of a client for his own pecuniary gain without the informed consent of the client;

    - Rule 8.4(b), by committing an illegal act that reflects adversely on his honesty or trustworthiness (See, e.g., R.C. 1333.81 and R.C. 2317.02); and

    - Rule 8.4(c), by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

WHEREFORE, Relator alleges the Respondent is chargeable with misconduct as an attorney at law, which misconduct has brought disrepute to the legal profession, and, by reason thereof, Relator requests that Respondent be disciplined pursuant to Rule V of the Rules for the Government of the Bar of Ohio.

Respectfully submitted,

CINCINNATI BAR ASSOCIATION

*James F. Brockman/bly*
James F. Brockman (0009469)
312 Walnut St., Suite 3100
Cincinnati, OH 45202
513-345-5798
jbrockman@lindhorstlaw.com

*Ann Lugbill with authority*

Ann Lugbill (0023632)
2406 Auburn Ave.
Cincinnati, OH 45219
513-784-1280
alugbill@murphypllc.com

Edwin W. Patterson, III (0019701)
General Counsel
Cincinnati Bar Association
225 East Sixth St., 2nd Floor
Cincinnati, OH 45202
513-699-1403
ewpatterson@cincybar.org

## CERTIFICATE

The undersigned, Chairman of the Grievance Committee of the Cincinnati Bar Association, hereby certifies that James F. Brockman, Ann Lugbill, John J. Mueller and Edwin W. Patterson III, are duly authorized to represent relator in the premises and have accepted the responsibility of prosecuting the complaint to its conclusion. After investigation, relator believes reasonable cause exists to warrant a hearing on such complaint.

Dated: August 6, 2015

*[signature: Rosemary D. Welsh]*

Grievance Committee Chair

**Gov. Bar R. V, § 4(I)** *Requirements for Filing a Complaint.*

(1) Definition. "Complaint" means a formal written allegation of misconduct or mental illness of a person designated as the respondent.
* * *
(6) Attachments to complaint. Sufficient investigatory materials to demonstrate probable cause shall be submitted with the complaint. The materials shall include any response filed by or on behalf of the respondent pursuant to division (I)(2) of this section and an affidavit from bar counsel or other appropriate representative of the relator documenting relator's contacts with or attempts to contact the respondent prior to filing the complaint. The materials may include investigation reports, summaries, depositions, statements, the response of the respondent, and any other relevant material.
(7) Complaint. Complaints filed by the Disciplinary Counsel shall be filed in the name of Disciplinary Counsel as relator. Complaints filed by a certified grievance committee shall be filed in the name of the committee as relator. The complaint shall not be accepted for filing unless signed by one or more attorneys admitted to the practice of law in Ohio, who shall be counsel for the relator, and by bar counsel. The complaint shall be accompanied by a written certification, signed by the president, secretary, or chair of the certified grievance committee, that the counsel are authorized to represent the relator in the action and have accepted the responsibility of prosecuting the complaint to conclusion. The certification shall constitute the authorization of the counsel to represent the relator in the action as fully and completely as if designated and appointed by order of the Supreme Court with all the privileges and immunities of an officer of the Supreme Court. The complaint also may be signed by the grievant. Relator shall file both of the following with the secretary of the Board:
   (a) Four paper copies of the complaint and attachments;
   (b) One electronic copy of the complaint and attachments in a readable electronic medium authorized by the secretary.
(8) Service. Upon the filing of a complaint with the Secretary of the Board, the relator shall forward a copy of the complaint to the Disciplinary Counsel, the certified grievance committee of the Ohio State Bar Association, the local bar association, and any certified grievance committee serving the county or counties in which the respondent resides and maintains an office and for the county from which the complaint arose.