## BEFORE THE BOARD OF PROFESSIONAL CONDUCT
## OF THE SUPREME COURT OF OHIO

**In re:**

**Complaint against**

**Christopher David Wiest**
**25 Town Center Blvd., Suite 104**
**Crestview Hills, KY 41017**

      **Respondent**

**Cincinnati Bar Association**
**225 E. Sixth Street, 2nd Floor**
**Cincinnati, OH 45202**

      **Relator**

**Case No. 2014-095**

**SECOND SET OF STIPULATIONS BETWEEN RELATOR AND RESPONDENT**

Relator and Respondent, in lieu of calling Respondent's former attorney, David Chase of Ft. Lauderdale, Florida, hereby stipulate as follows:

### A. Stipulations regarding Respondent's interactions with Attorney David Chase:

1. If called to testify, David Chase would testify:

    a. Mr. Chase has been licensed to practice in Florida since 1992, and is also licensed to practice in the federal courts in Florida. He is not and has never been licensed to practice in Ohio or Kentucky. Mr. Chase routinely appears in matters around the country through the *pro hac vice* procedure. A copy of Mr. Chase's CV is attached.

    b. Chase was first contacted by Respondent via telephone on the morning of December 16, 2010. Respondent sounded panicked during the initial call. Respondent identified himself as an attorney licensed to practice in Ohio and Kentucky, and practicing in Cincinnati, Ohio.

    c. Respondent told Mr. Chase about the recent announcement that Stanley was acquiring InfoLogix, his involvement with due diligence work for Stanley on the project, and his purchase of InfoLogix, Inc. stock. Specifically, Respondent disclosed:



        i.      that he had done some environmental due diligence work in late October, 2010 and early November, 2010, related to the potential acquisition by Stanley Black & Decker, Inc. of InfoLogix, Inc.;

        ii.     that he had concluded that Stanley Black & Decker, Inc. was not moving forward with the deal in light of: (a) the October 21, 2010 delisting of the stock of InfoLogix, Inc. by NASDAQ (b) a deal timeline he had received that indicated a signing date of October 30, 2010, (c) his history with Stanley Black & Decker on previous due diligence projects, concerning when it moved forward with an acquisition;

        iii.    his history of buying delisted stocks;

        iv.    the details of his purchases and sale of InfoLogix, Inc. stock from October 28 to the time of the call.

d.    On December 16, 2010, Mr. Chase advised Respondent to sell the remaining InfoLogix, Inc. stock and to segregate the proceeds (i.e. not place further trades with those proceeds) in his account. He gave Respondent this advice as a precautionary measure, because any potential charges would be based on the purchase of the stock, and not the sale, and because, if the SEC determined there was a violation, it would seek to hold Respondent liable for the profit which could have been realized on price of the stock after the announcement, regardless of whether or not Respondent actually sold the stock.

e.    Respondent specifically asked Mr. Chase whether he should disclose the issue to his employer, Stanley Black & Decker, the Securities and Exchange Commission, or anyone else. Mr. Chase responded by directing Respondent to gather and forward to him the relevant documents concerning his communications with Stanley on InfoLogix, Inc., and his trading history, and to say nothing to anyone and not to inform his law firm employer, his client, or anyone else, including Respondent's own spouse, about the trades or the issue until Chase had the opportunity to review all of the relevant evidence.

f.    In early January, 2011, after Mr. Chase had reviewed the emails concerning the transaction, and the Respondent's trading records, Mr. Chase again advised the Respondent not to inform his law firm employer, his client, any governmental agency, or anyone else, about the trades or the issue, and, similarly, not to self-report the issue to anyone.

    g.    In giving Respondent this broad advice, in 2010 and 2011, not to disclose his InfoLogix, Inc. trades, Mr. Chase was focused on Respondent's potential civil and criminal liability arising from his trading in InfoLogix, Inc. securities and minimizing the likelihood that the SEC would ever investigate his InfoLogix, Inc. trades. Mr. Chase did not specifically advise Respondent with regard to the Ohio professional attorney conduct rules, nor about his duties to his employer. Mr. Chase did not qualify this advice, or suggest that Respondent consult other counsel. As to explicit advice about the attorney client privilege and confidential client information, not until Respondent received a subpoena from the SEC, in July 2012, did Mr. Chase advise him about what should be turned over to the SEC and, thus, provide explicit advice to Respondent for the first time about the attorney client privilege and confidential client information.

/s/ James Brockman – per authorization
James Brockman (0009469)
Lindhorst & Dreidame Co. LPA
*Counsel for Relator*
312 Walnut St., Ste. 3100
Cincinnati, OH 45202
(513) 421-6630 Telephone4
(513) 421-0212 Fax
jbrockman@lindhorstlaw.com

/s/ George D. Jonson
George D. Jonson (0027124)
Montgomery, Rennie & Jonson LPA
*Counsel for Respondent*
36 East Seventh Street
Suite 2100
Cincinnati, OH 45202
Tel: (513) 241-4722
Fax: (513) 241-8775
gjonson@mrjlaw.com
kriley@mrjlaw.com

/s/ Ann L. Lugbill – per authorization
Ann L. Lugbill (0023632)
*Counsel for Relator*
2406 Auburn Ave.
Cincinnati, OH 45219
Tel: (513) 784-1280
alugbill@murphypllc.com

3

## THE LAW FIRM OF
# DAVID R. CHASE P.A.

## Attorney Profile



Linked in    Call toll free
800-760-0912



David R. Chase has an extensive background in SEC and FINRA securities regulatory defense, as well as the representation of defrauded stock market investors in cases to recover their investment losses.

### Practice Areas

SEC and FINRA Securities Regulatory Defense

Representation of Defrauded Securities Investors

Representation of Financial Advisors in Promissory Note Cases

Securities Licensing Issues/From U-4 and U-5 Disclosure Issues

Mr. Chase began his legal career at Greenberg Traurig, an international law firm in Miami, where he represented securities and financial firms in securities cases and SEC and FINRA investigations.

Thereafter, he accepted a position as Staff Counsel in the Enforcement Division of the U.S. Securities and Exchange Commission, where he worked for almost four years, ultimately obtaining the title of Senior Counsel. For part of that time, Mr. Chase served as a Special Assistant United States Attorney in the U.S. Attorney's Office – Economic Crimes Division in the Southern District of Florida. While a Government prosecutor handling exclusively

securities fraud cases, Mr. Chase was involved in matters involving insider trading, Ponzi schemes, market manipulations, municipal bond fraud and broker-dealer retail sales practice violations.

After leaving the SEC, Mr. Chase has run his own law firm, focusing exclusively on defending those under SEC, FINRA and state securities investigations and prosecutions, and fighting for the rights of defrauded investors in cases to recover their financial losses. Mr. Chase also represents securities professionals in legal claims against their employing securities firms, as well as in matters involving licensure.

Mr. Chase has been appointed by Federal District Court Judges to serve as Receiver in Securities and Exchange Commission and Federal Trade Commission cases, where he was empowered to protect the rights of defrauded securities investors and consumers. Mr. Chase has been published on SEC issues and currently serves as an Adjunct Professor of Law at the University of Miami School of Law where he teaches a course on SEC Enforcement Litigation.

Mr. Chase is available for confidential, no cost consultations toll-free at: 800-760-0912.

*I will personally handle your case. Call now for a free and confidential consultation.*

## Bar Admissions

- Florida, 1992
- U.S. District Court Middle District of Florida, 1992
- U.S. District Court Northern District of Florida, 1992
- U.S. District Court Southern District of Florida, 1992

## Education

- **University of Miami School of Law, Coral Gables, Florida**
    - J.D. *cum laude* – 1992

- Law Review: University of Miami Law Review, 1990 – 1992
- **Tulane University, New Orleans, Louisiana**
    - B.A. – 1988
    - Major: English

## Published Works

- "When the SEC Comes Knocking", Business Law Today, June, 2000
- "Your Client Suffered Substantial Losses in the Stock Market...", Dade County Bar Association, September, 2003

## Classes/Seminars

- Adjunct Professor of Law, University of Miami School of Law – SEC Enforcement and Litigation

## Honors and Awards

- Recognized in Florida Legal Elite – Securities Litigation, 2004 – 2006
- Named in Florida Super Lawyers – Securities Litigation, 2009 – 2010

## Professional Associations and Memberships

- Public Investors Arbitration Bar Association, Member
- Florida Bar Association
- American Bar Association

## Past Employment Positions

- Greenberg Traurig, Associate
- US Securities and Exchange Commission, Senior Counsel, 1995 – 1999
- United States Attorney's Office, Special Assistant United States Attorney, Economic Crimes Division, 1998 – 1999

Law Firm of David R. Chase, Esq.
1700 East Las Olas Boulevard
Suite 305
Fort Lauderdale, FL 33301
Toll Free Phone: 800-760-0912
Phone: (954) 920-7779
Fax: (954) 923-5622
E-Mail:
Click Here

The Law Firm of David R. Chase, P.A., is located in Fort Lauderdale, Florida, and serves clients in South Florida, including Miami, Broward County, Dade County, Palm Beach County and nationwide, including Miami, New York City, Philadelphia, Pennsylvania, Washington DC, Atlanta, Georgia, Dallas Fort Worth, Texas, Salt Lake City, Utah, Chicago, Illinois, Los Angeles and San Francisco, California, and Boston, Massachusetts.

We also represent clients internationally.

Copyright © 2014 by The Law Firm of David R. Chase, P.A. All rights reserved.

Copyright © 2014 by *The Law Firm of David R. Chase, P.A.* All rights reserved. *Disclaimer*